PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 2000 Kia Spectra struck a hole on Pleasant Valley Road in Fairmont, Marion County. Pleasant Valley Road is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more folly set forth below.
The incident giving rise to this claim occurred between 5:00 p.m. and 6:00 p.m. during the first week of February 2007. The speed limit on Pleasant Valley Road is forty miles per hour. At the time of the incident, claimant was driving from his house on Leonard Avenue in Fairmont towards Valley Lanes to take his son bowling. Claimant was driving on Pleasant Valley Road at approximately forty miles per hour when his vehicle struck a hole that was approximately two feet wide. The Church of Christ was the landmark closest to the hole. Claimant traveled on this road regularly and testified that he was aware that this was a rough road with numerous holes. As a result of this incident, claimant’s vehicle sustained damage to its tire in the amount of $73.14.
The position of the respondent is that it did not have actual or constructive notice of the condition on Pleasant Valley Road. Respondent did not present a witness at the hearing.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the hole which claimant’s vehicle struck and that it presented a hazard to the traveling public. The size of the hole leads the Court to conclude that *242 respondent had notice of this hazardous condition. Thus, there is sufficient evidence of negligence to base an award. Notwithstanding the negligence of the respondent, the Court is also of the opinion that the claimant was negligent since he was aware of the condition on the road and did not reduce his speed accordingly. In a comparative negligence jurisdiction such as West Virginia, the claimant’s negligence may reduce or bar recovery in a claim. Based on the above, the Court finds that the claimant’s negligence equals ten-percent (10%) of his loss. Since the negligence of the claimant is not greater than or equal to the negligence of the respondent, claimant may recover ninety-percent (90%) of the loss sustained.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in the amount of $65.83.
Award of $65.83.